# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MAXWELL a.k.a DAVID LIVINGSTON, | : : : : | |
| Petitioners, | : : | CIVIL NO. 3:12-CV-00396 |
| v. | : : | (Judge Mariani) |
| H.L. HUFFORD, | : : | |
| Respondents. | : | |

## MEMORANDUM

### I. Introduction

Petitioner Kenneth Maxwell, a.k.a. David Livingston, ("Petitioner" or "Maxwell") initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Docs. 1, 7). He challenges the Federal Bureau of Prisons' ("BOP") computation of his federal sentence. (*Id.*). Specifically, Maxwell claims that a 41-month sentence imposed by the United States District Court for the Southern District of New York ("S.D.N.Y.") on April 8, 1997 should be executed and should run concurrent with the 48 month term of imprisonment that Petitioner was serving at the time of his habeas petition.

For the reasons discussed below, we will deny the Petition.

## II. Procedural History

On March 1, 2012, Maxwell filed a document indicating that he sought to petition this Court for a writ of habeas corpus under the provisions of 28 U.S.C. § 2241. (Doc. 1). This document did not meet the requirements of Rules 3 and 8(a)(2) of the Federal Rules of Civil Procedure. (*See* Doc. 6). On March 14, 2012, this Court issued an Order directing Maxwell to file a proper habeas petition. (*Id.*). Maxwell filed this Petition on March 23, 2012, along with a Memorandum of Points and Authorities. (Docs. 8, 9). On April 9, 2012, Maxwell also filed an addendum to his Memorandum of Points and Authorities. (Doc. 18)

On March 28, 2012, Respondent was directed to respond to the Petition. (Doc. 10). After a motion for extension of time was granted, Respondent filed his response to the habeas petition. (Docs. 23, 24, 25). Petitioner then filed a traverse, exhibits, and a supplemental/addendum to the traverse. (Docs. 35, 36, 37, 38).

## III. Factual Background

As explained by Respondent:

> On November 16, 1992, Maxwell was sentenced by the S.D.N.Y., at 1:92-CR-0060 to an 18-month term of imprisonment for multiple counts of credit card fraud and false claims. [(Doc. 25-1, Ex. A., ¶ 5; Doc. 25-1, Att. 1, Cr. Docket, 5)]. While in federal custody on Case No. 1:92-CR-0060, Maxwell was charged with new criminal conduct, in the S.D.N.Y. at No. 1:92-CR-01147, for attempted escape by impersonating a United States government official. [(*Id.* at Ex. A., ¶ 6; Att. 2[1])]. On

---

[1] Hector Solis, a Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, reviewed Maxwell's habeas petition and computation of his federal sentence on behalf of the Respondent. (Doc. 25, p. 3). Solis, in support of paragraph 6 of his declaration, provided Respondent's counsel with a portion of a presentence report as Attachment 2, to evidence Solis' statements. (Doc. 25, fn. 2). "However, pursuant to BOP policy, inmates are not allowed to

2

April 15, 1993, Maxwell satisfied his 18-month sentence for S.D.N.Y. No. 1:92-CR-0060, but remained in federal custody pending sentencing in Case No. 1:92-CR-01147. [(*Id.* at Ex. A, ¶ 7; Att. 3, 9)].

On March 30, 1994, Maxwell was sentenced in Case No. 1:92-CR-01147, to a 40-month term of imprisonment for attempted escape and unlawful impersonation of an officer of the United States. [(*Id.* at Ex. A, ¶ 8; Att. 4)]. He remained in federal custody for service of this sentence. [(*Id.* at Ex. A, ¶ 8)]. He was awarded jail credit for the period of April 16, 1993, through March 29, 2004. [(*Id.* at Ex. A, ¶ 8; Att. 3, 7)].

On December 1, 1994, while serving the 40-month S.D.N.Y. sentence, Maxwell was sentenced in two criminal cases by the Northern District of Illinois ("N.D. Ill."), at Nos. 91-CR-251 and 94-CR-594, to 33 month terms of imprisonment on each case for bank fraud, to run concurrently with each other. [(*Id.* at Ex. A, ¶ 9; Att. 5)]. The BOP aggregated Maxwell's 33-month term with the S.D.N.Y. 40-month term, resulting in a total aggregate term of 41 months and 2 days. [(*Id.* at Ex. A, ¶ 9; Att. 3)].

On February 15, 1996, this Court[2] issued an order in a habeas case filed by Maxwell, at No. 4:CV-95-1910, directed the BOP to award jail credit from January 3, 1991, through June 22, 1991, toward his then-current sentence. [(*Id.* at Ex. A, ¶10; Att. 6)]. After application of the above jail credit, Maxwell was released from federal custody on February 20, 1996, via good conduct time release, to a detainer with the New Jersey Department of Corrections. [(*Id.* at Ex. A, ¶ 11; Att. 3; Att. 7)]. That same day, Maxwell began serving a 5-year term of imprisonment with the State of New Jersey. (*Id.*).

On May 7, 1996, Maxwell was borrowed from the primary custody of New Jersey authorities by the United States Marshals Service to appear in the S.D.N.Y. pursuant to a writ of habeas corpus ad prosequendum. [(*Id.* at Ex. A, ¶ 12; Att. 8)]. On April 8, 1997, he was resentenced in the S.D.N.Y., at No. 1:92-CR-1147, to a 41-month term, to be served consecutive to his 5-year New Jersey State term. [(*Id.* at Ex. A, ¶ 12; Att. 9)]. Since he had already satisfied the time served on this 41-month sentence when it was a 40-month sentence and aggregated with the terms of the N.D. Ill. Sentences, he would later be provided with credit for over-served time based on the credit order by [the Middle District of Pennsylvania Court Order]. [(*Id.* at Ex. A, ¶ 12)].

On October 30, 1999, Maxwell was released from the 5-year New Jersey state sentence. [(*Id.* at Ex. A, ¶ 13, Att. 10)]. On March 3, 2000, Maxwell was

---

possess copies of their presentence reports for their own safety. Therefore, [Respondent's] counsel has redacted all except the relevant information from Attachment 2." (*Id.*).

[2] Order issued by Judge McClure in the United States District Court for the Middle District of Pennsylvania. (Doc. 25-1, Att. 6).

3

arrested by the New York Police Department and detained. [(*Id.*)]. While in state custody, he devised a scheme to defraud numerous individuals of money under false and fraudulent pretenses, utilizing the phone system in the correctional facility. [(*Id.*).].

On May 2, 2000, Maxwell was borrowed from state custody by the United States Marshals Service to appear in the S.D.N.Y. pursuant to a writ ad prosequendum. [(*Id.* at Ex. A, ¶ 15; Att. 8)]. On December 18, 2000, Maxwell was sentenced by the S.D.N.Y., at No. 00-CR-483, to a 135-month term of imprisonment for wire fraud. [(*Id.* at Ex. A, ¶ 16; Att. 11)]. He was returned to the primary custody of New York state authorities on December 22, 2000, and a detainer for the federal judgment was filed. [(*Id.* at Ex. A, ¶ 16; Att. 8)].

On June 13, 2001, the State of New York's charges against Maxwell were vacated. [(*Id.* at Ex. A, ¶ 17; Att. 12)]. On July 6, 2001, the United States Marshals Service took custody of Maxwell, pursuant to the detainer, to commence service of the 135-month S.D.N.Y. term. [(*Id.* at Ex. A, ¶ 18; Att. 8)]. The BOP awarded Maxwell jail credit for the period of March 3, 2000, through July 5, 2001. [(*Id.* at Ex. A, ¶ 18; Att. 3)].

On April 25, 2008, while in federal custody, Maxwell was sentenced by the S.D.N.Y. for violations of his supervised release in Case Nos. 1:92-CR-1147 and 1:92-CR-0060. [(*Id.* at Ex. A, ¶ 19; Att. 13). He was sentenced to consecutive 24-month terms on each docket, for a total of 48 months to run consecutively to his 135-month S.D.N.Y. term. [(*Id.*)]. This Judgment was amended on April 8, 2009; however, the term was not changed. [(*Id.*)].

On December 31, 2008, the S.D.N.Y. issued an Order denying Maxwell's motions requesting basically the same relief he requests in the instant habeas petition. [(*Id.* at Ex. A, ¶ 20; Att. 14)]. On March 31, 2009, the United States Court of Appeals for the Second Circuit affirmed the lower court's denial of Maxwell's motions. [(*Id.* at Ex. A, ¶ 20; Att. 15)].

Maxwell has been awarded credit on his 48-month supervised release violation term for the period of October 22, 1995, through February 20, 1996. [(*Id.* at Ex. A, ¶ 21; Att. 6)]. This credit was for the over-served time in Case Nos. 1:92-CR-1147, 1:91-CR-00251, and 1:94-CR-0594. (*Id.*) This was the result of the [Middle District of Pennsylvania Order] directing the BOP to award jail credit from January 3, 1991, through June 22, 1991. (*Id.*).

(Doc. 25, p. 4-8).

On June 28, 2013, Maxwell (a.k.a. David Livingston) was released from BOP custody. *See* www.bop.gov, Inmate Locator.

4

## IV. Discussion

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624 (1982).

The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007). The crucial issue is whether the petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7. This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8. By contrast, challenges to the execution of a sentence that has already been served will not be presumed. *Spencer*, 523 U.S. at 12-14.

In the instant case, Maxwell is no longer incarcerated and challenges the

execution of his sentence. Consequently, Maxwell's petition requesting that a 41-month sentence imposed by the S.D.N.Y. on April 8, 1997 should be executed and should run concurrent with the 48 month term of imprisonment that Petitioner was serving at the time of his habeas petition is moot because he has been released from federal custody. Further, the relief he seeks, in the form of having this 41-month sentence run concurrent to his then current sentence, is no longer available as he has finished serving the then current sentence. As such, his release eliminates the Court's ability to grant him any relief. Under these circumstances, Maxwell cannot demonstrate any continuing collateral consequences or injury now that he has been released. As such, his Petition could be dismissed as moot.

Yet, it is possible that Maxwell could argue that his Petition still presents a case or controversy under Article III, § 2 of the United States Constitution because he claims that he has not served his 41-month sentence in Case No. 1:92-CR-01147. As such, we will still consider his habeas petition.

Maxwell's Petition for Writ of Habeas Corpus (Docs. 1, 7) will be denied. Looking at the entire record, including the briefs of both parties and the documents submitted, it is clear that this sentence has already been served. Petitioner started serving time on this case after he was originally sentenced on March 30, 1994. (Doc. 25-1, Att. 4). While Petitioner was resentenced in this case on April 11, 1997, that does not change the fact that he had previously been serving time on that sentence. (*Id.* at Att. 9). As explained by the United States Court of Appeals for the Second Circuit,

> The record shows that a 40-month prison sentence was originally imposed in Maxwell II [Case No. 1:92-CR-01147] and that Maxwell had fully served that sentence before he was transferred in 1996 to the State of New Jersey to serve a 60-month state sentence for unrelated crimes. While serving the New Jersey sentence, Maxwell appeared, pursuant to writ, in federal district court and, on consensual remand of his withdrawn appeal in Maxwell II, entered a new guilty plea in that case, receiving a sentence of 41-months' incarceration[3] to run consecutively to the New Jersey sentence but with credit given for time already served in the federal case. At Maxwell's express request, the sentence was both one month longer than his previous sentence and run consecutively to afford him any possible benefits associated with release from federal rather than state custody with federal supervision.
>
> On the completion of Maxwell's New Jersey sentence in October 1999, federal prison authorities – whether correctly or not – did not seek [Maxwell's] further incarceration on Maxwell II. Thus, upon Maxwell's release from state custody, he was free of any confinement.
>
> ...
>
> ...we readily conclude that Maxwell's terms of federal supervised release in both Maxwell and Maxwell II commenced upon his release from state custody in October 1999. Even if the resentencing in Maxwell II might have supported defendant's reincarceration by federal authorities for a brief period or, at least, warranted a formal calculation of his proper release date from federal custody, any omissions in this respect would not affect the statutory mandate that supervised release commenced as soon as Maxwell was freed from custody.

(*Id.* at Att. 15, p. 3-5).

Despite Maxwell's concerns to the contrary, it is evident from the record that he has already served the term of imprisonment he is now again seeking to serve in his habeas petition. Maxwell's initial time served on the original sentence, combined with the credit

---

[3] Maxwell would later be provided with credit for over-served time based on the credit ordered by Judge McClure in the Middle District of Pennsylvania. (Doc. 25-1, Att. 6).

7

given for over-served time, constitute the 41-month new sentence he received when he re-plead guilty to the same charges.[4]

## V. Conclusion

Maxwell was released from BOP custody on June 28, 2013 and it appears from the record that he has already served his 41-month term of imprisonment. Maxwell's Petition for Writ of Habeas Corpus will be denied. An appropriate Order follows.

Robert D. Mariani
United States District Judge

---

[4] The Honorable Kimba M. Wood of the S.D.N.Y. adopted the factual findings and legal conclusions set forth in a Memo submitted to the S.D.N.Y. Court by the United States when deciding a Rule 34 "Motion to Arrest Judgment." (Doc. 35, Ex. 11). Again it is explained that:

> Maxwell's claim that the Court and the Government cannot identify the date on which his 41-month custodial term commenced and concluded demonstrates his misunderstanding. Maxwell's term of imprisonment began on April 8, 1997, the day he was sentenced in *Maxwell II*. It ended on April 16, 1997, the day Maxwell was transferred from federal custody into the New Jersey state system. See 18 U.S.C. § 3585(b). Although the Court in *Maxwell II* had instructed that the 41-month sentence should run consecutively to the defendant's New Jersey sentence, it noted that Maxwell should receive credit for time served in the federal system. As set forth above, Maxwell had already served the 40 month on his original custodial sentence in *Maxwell II*. As such, the Court's imposition of a 41-month sentence consecutive to the New Jersey sentence simply meant that Maxwell had to serve one additional month in federal custody. And since Maxwell had reentered federal custody on March 17, 1997 to be resentenced by the Court in *Maxwell II*, he had satisfied the entire 41-month custodial sentence by the time he returned to New Jersey state custody on April 16, 1997.

(*Id.* at p. 3-4) (footnote omitted).

8